UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| SAMUEL MOSES, | ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) ) | No. | 3:23-CV-159-DCLC-DCP |
| JOHN DOES, | ) ) ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

Plaintiff, a Loudon County Jail inmate, has filed a motion requesting the Court extend the statute of limitations and allow him to file a complaint for violation of 42 U.S.C. § 1983, which the Clerk docketed as a complaint [Doc. 1 p. 1], a motion for leave to proceed *in forma pauperis* [Doc. 4], and a motion to appoint counsel [Doc. 5]. For the reasons set forth below, the Court will **DISMISS** this action due to Plaintiff's failure to commence this action by filing a complaint. In the alternative, the Court will **DISMISS** this action because Plaintiff's filing that initiated this matter [Doc. 1] fails to state a claim upon which relief may be granted under § 1983. Accordingly, the Court will **DENY** Plaintiff's pending motions [Docs. 1, 4,[1] 5] as moot.

I.     **FAILURE TO COMMENCE AN ACTION**

First, Rule 3 provides that "[a] civil action is commenced by filing a complaint with the Court." Fed. R. Civ. P. 3. While the Clerk docketed Plaintiff's motion in which he requests that the Court extend the statute of limitations and allow him to file a § 1983 complaint [Doc. 1] as a

---

[1] Although Plaintiff filed a motion for leave to proceed *in forma pauperis* [Doc. 4] and "prisoners [are] responsible for their filing fees the moment the civil action . . . is filed," *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), the Court will not assess Plaintiff with the filing fee because the Court is dismissing this action primarily on the ground that Plaintiff did not actually commence this action by filing a complaint.

complaint, it is apparent from the substance of that filing that it is a motion, not a complaint [*Id.* at 1]. As such, Plaintiff has not actually "commenced" any action by filing a complaint, and the Court will therefore dismiss this action under the plain language of Rule 3.

## II. SCREENING

Even if the Clerk correctly construed Plaintiff's motion that initiated this action [*Id.*] as a § 1983 complaint, this action is subject to dismissal because that filing fails to state a claim upon which relief may be granted under § 1983. Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

2

Plaintiff's allegations regarding his potential claims for § 1983 in his filing that initiated this action [*Id.* at 1] are wholly conclusory. Accordingly, to the extent that Plaintiff intended this filing to serve as a complaint, it fails to state a claim upon which relief may be granted under § 1983, and this action is subject to dismissal on this ground.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff has failed to commence this action by filing a complaint under Rule 3;

2. Plaintiff's motion for extension of time to file a complaint [*Id.*] fails to state a claim upon which relief may be granted under § 1983;

3. Accordingly, this action will be **DISMISSED without prejudice**;

4. Plaintiff's motions [Docs. 1, 4, 5] will be **DENIED as moot**; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**ENTER:**

                                                 s/Clifton L. Corker
                                                 **United States District Judge**